IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | No.   CR 1:20-01365-001 KWR |
| **ANTHONY FAUSTINE,** | § § | |
| **Defendant.** | § § | |

**UNOPPOSED MOTION TO CONTINUE TRIAL SETTING**

Anthony Faustine, by and through his attorney of record, Aric G. Elsenheimer, Assistant Federal Public Defender, and moves this Court for an order continuing the trial setting of April 12, 2021, as well as related deadlines, as grounds states:

1. Mr. Faustine was arraigned on August 31, 2020 on an indictment alleging a violation of Count 1: Second Degree Murder, pursuant to 18 U.S.C. §§ 1111 and 1153, and Count 2: Assault Resulting in Serious Bodily Injury, pursuant to 18 U.S.C. §§ 113(a)(6) and 1153.

2. This case is set for trial on April 12, 2021.

3. Defendant respectfully request a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests an additional ninety (90) days from the current setting to prepare for trial.   Ninety days is the minimum amount

of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

4. A continuance of ninety days is necessary for counsel to complete the following tasks:

    A) To continue plea negotiations with the government. It is believed that a negotiated resolution of this matter may be possible and that additional time is necessary to pursue such negotiations. Counsel for Mr. Faustine is pursuing such negotiations and believes that a resolution of this matter can be reached, but requires additional time to pursue said negotiations.

    B) Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to file pretrial motions.

5. Defendant requests a continuance of the trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum needed to initiate plea negotiations with the government and to ensure that Defendant receives effective assistance of counsel and is accorded due process.

6. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be

denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7.    Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will potentially allow Defendant to reach a favorable resolution with the government. Undersigned counsel has consulted with Mr. Faustine and he is aware of his rights under the Speedy Trial Act, understands the need for a continuance, and agrees with this continuance.

8.    Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendant, but was also 'designed with the

public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Mr. Faustine, through undersigned counsel also waives any time constraints under the Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2, given that Mr. Faustine is not in primary federal custody. *See New York v. Hill*, 528 U.S. 110 (2000) and *Grey v. Benson*, 608 F.2d 825 (10th Cir. 1979). Additional time will provide the parties time to discuss a possible negotiated resolution of this matter. Counsel for Mr. Faustine is interested in negotiating with the government regarding a resolution of this case. Additional time is needed to pursue these negotiations. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Faustine by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. Counsel is requesting this matter be continued from the Court's April 12, 2021 trial calendar and that it be rescheduled for a trial in ninety (90) days.

9. Assistant United States Attorney Nicholas James Marshall, does not object to continuing the April 12, 2021 trial setting, and associated deadlines, in this matter as requested.

10. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay resulting from this continuance serves the ends of justice and this continuance outweighs the best interest of the public and the defendant in a resolution of this matter.

WHEREFORE, defendant respectfully request that the court grant a continuance of the trial setting of April 12, 2021, for a period of at least ninety (90) days or to the convenience of the Court.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

  /s/ filed electronically on 3/8/21
ARIC G. ELSENHEIMER, AFPD